IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| ACCUVANT, INC., <br><br> Plaintiff, <br><br> v. <br><br> MEGADATA TECHNOLOGY, LLC, <br><br> Defendant. | Civil Action No. 8:12-cv-01647-AW |

**MEMORANDUM OPINION**

Plaintiff Accuvant, Inc. brings this action against Defendant Megadata Technology, LLC. Plaintiff's Complaint sounds in breach of contract. Pending before the Court is Defendant's Motion to Dismiss. The Court has reviewed the record and deems no hearing necessary. For the following reasons, the Court **DENIES** Defendant's Motion to Dismiss.

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Accuvant, Inc. (Accuvant) is a Delaware corporation whose principal place of business is Colorado. Accuvant has an office in Hanover, Maryland. Defendant Megadata Technology, LLC is a Maryland company whose principal office is located in Fort Washington, Maryland. Accuvant is a research-based cybersecurity consulting company. Megadata provides consulting and subcontracting IT services to its clients and resells technology products to its customers.

One of Accuvant's customers is TriWest Healthcare Alliance (TriWest). Accuvant engaged Megadata to serve as an intermediary reseller for certain TriWest orders of Accuvant's products and services. Under this arrangement, TriWest placed its orders with Megadata for

1

Accuvant's products or services. In turn, Megadata placed TriWest's order with Accuvant pursuant to its own purchase order. Then, Accuvant shipped the products directly to TriWest in accordance with Megadata's purchase order and invoice. Finally, Accuvant invoiced the products to Megadata who, in turn, invoiced the products back to TriWest.

In contrast to this arrangement, TriWest purchased other products directly from Accuvant time to time. According to Plaintiff, these direct orders did not relate to TriWest's arrangement with Megadata.

Between November 2010 and April 2011, Megadata issued a number of purchase orders to Accuvant pursuant to requests Megadata received from TriWest. Accuvant alleges that, even though it shipped the products to TriWest and submitted corresponding invoices to Megadata, the latter failed to pay some invoices either completely or partially.

Accuvant engaged in a series of communications with Megadata's CEO, Rob Stringfellow, whereby it demanded payment on all outstanding invoices. According to Accuvant, Stringfellow initially promised to pay all outstanding invoices. Subsequently, Stringfellow contended that the amount Megadata owed was less than the amount for which Accuvant had billed it. To date, Accuvant alleges that Megadata has failed to satisfy the overdue invoices.

On June 5, 2012, Accuvant filed its Complaint. Doc. No. 1. Accuvant's Complaint contains three Counts. Counts I and II are breach of contract claims for, respectively, a March 25, 2011 invoice and a December 3, 2010 invoice. Count III is for unjust enrichment.

Aggregating Counts I and II, exclusive of interest and costs, Accuvant alleges that Megadata owes it $70,484.56. Under Count III, by contrast, Accuvant prays for damages "believed to exceed $100,000." *Id.* ¶ 57.

On July 24, 2012, Megadata moved to dismiss. Doc. No. 5. Megadata argues that the Court lacks jurisdiction because the amount in controversy is only $70,484.56. Alternatively, Megadata asserts that Accuvant has failed to state a facially plausible breach of contract claim. Briefing is complete on Megadata's Motion to Dismiss.

## II.   STANDARD OF REVIEW

### A.   Motion to Dismiss—12(b)(1)

"There are two critically different ways in which to present a motion to dismiss for lack of subject matter jurisdiction." *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). "First, it may be contended that a complaint simply fails to allege facts upon which subject matter jurisdiction can be based." *Id.* Where the defendant contends that the complaint fails to allege facts sufficient to establish subject matter jurisdiction, "all the facts alleged in the complaint are assumed to be true and the plaintiff, in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration." *Id.* "Second, it may be contended that the jurisdictional allegations of the complaint [are] not true." *Adams*, 697 F.2d at 1219. In such cases, "the court is free to consider exhibits outside the pleadings to resolve factual disputes concerning jurisdiction." *Zander v. United States*, 843 F. Supp. 2d 598, 603 (D. Md. 2012) (internal quotation marks omitted) (quoting *Smith v. Wash. Metro. Area Transit Auth.*, 290 F.3d 201, 205 (2002)).

### B.   Motion to Dismiss—12(b)(6)

The purpose of a 12(b)(6) motion to dismiss is to test the sufficiency of the plaintiff's complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). In two recent cases, the U.S. Supreme Court has clarified the standard applicable to Rule 12(b)(6) motions. *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

These cases make clear that Rule 8 "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 556 n.3 (quoting Fed. R. Civ. P. 8(a)(2)). This showing must consist of at least "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

In deciding a motion to dismiss, the court should first review the complaint to determine which pleadings are entitled to the assumption of truth. *See Iqbal*, 129 S. Ct. at 1949–50. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 1950. In so doing, the court must construe all factual allegations in the light most favorable to the plaintiff. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999). The Court need not, however, accept unsupported legal allegations, *Revene v. Charles County Commissioners*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

### III.   LEGAL ANALYSIS

**A.   Subject Matter Jurisdiction**

District courts have original jurisdiction of civil actions between citizens of different states in which the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). In most cases, "the sum claimed by the plaintiff controls the amount in controversy determination." *JTH Tax, Inc. v. Frashier*, 624 F.3d 635, 638 (4th Cir. 2010) (internal quotation marks omitted) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)). "If the plaintiff claims a sum sufficient to satisfy the statutory requirement, a federal court may dismiss only if it is

apparent, to a *legal certainty*, that the plaintiff cannot recover the amount claimed." *Id.* (internal quotation marks omitted) (citing *St. Paul*, 303 U.S. at 289).

"Defendants, seeking dismissal of diversity actions for lack of a sufficient amount in controversy, must therefore shoulder a heavy burden." *Id.* "They must show the legal impossibility of recovery to be so certain as virtually to negative the plaintiff's good faith in asserting the claim." *Id.* (internal quotation marks omitted) (citing *Wiggins v. N. Am. Equitable Life Assur. Co.*, 644 F.2d 1014, 1017 (4th Cir.1981)).

In this case, Megadata has failed to carry its "heavy burden" of showing that it is legally impossible for Accuvant to recover more than $75,000. Accuvant alleges that it believes damages on its unjust enrichment claim exceed $100,000. Under Maryland law, "the relief available for unjust enrichment is not compensatory damages but restitution—the disgorgement of the benefits that it would be unjust for the defendant to keep." *Boyd v. Bell Atlantic-Maryland, Inc.*, 887 A.2d 637, 650 (Md. 2005). Accuvant argues that Megadata's benefit for receiving Accuvant's goods and services without paying for them for over a year is measured by more than the value of the goods at the time of sale, and implies that it needs discovery and/or trial to determine this amount. Although Accuvant's reasoning is no model of clarity, it suffices, in conjunction with the Complaint's allegations and Accuvant's documentary evidence, to make it legally possible that Accuvant could recover this amount (or, alternatively, an amount more than $75,000). Accordingly, at least at this time, this Court has subject matter jurisdiction over this action.

**B.      Motion to Dismiss**

Megadata argues, in the alternative, that Accuvant has failed to state a facially plausible breach of contract claim. The Court disagrees. Accuvant's allegations are reasonably detailed

and create a plausible inference that the Parties had, minimally, an implied contract. Indeed, Megadata concedes in its reply brief that Accuvant's allegations create a plausible inference that the Parties had an implied-in-fact contract. Furthermore, Megadata has not moved to dismiss Accuvant's unjust enrichment claim. Therefore, the Court denies Megadata's Motion to Dismiss as to Accuvant's breach of contract claims.

### IV.     CONCLUSION

For the foregoing reasons, the Court **DENIES** Megadata's Motion to Dismiss. A separate Order follows. The Court will issue a Scheduling Order.

|  |  |
|---|---|
| December 13, 2012 | /s/ |
| Date | Alexander Williams, Jr. |
|  | United States District Judge |